IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.

3:10-cv-919-J-20JRK

MECHELL THOMPSON,

Plaintiff,

v.

DELANOR, KEMPER & ASSOCIATES, LLC,

Defendant.

_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, MECHELL THOMPSON ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, DELANOR, KEMPER & ASSOCIATES, LLC ("Defendant") or ("DKA") is a limited liability company who at all relevant times was engaged, by use of the

mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant repeatedly contacted Plaintiff at her place of work after being told by Plaintiff that such contact at her workplace was inconvenient and violated the policies of her employer.

12. Defendant repeatedly placed calls to Plaintiff at her place of employment, with the intent to harass, annoy and or abuse Plaintiff, or with such frequency as could be expected to abuse or harass Plaintiff, and, after receiving a letter from Plaintiff demanding that Defendant cease and desist from making further contact with Plaintiff via telephone calls, Defendant continued to place such calls to Plaintiff repeatedly with the intent to annoy, harass and/or abuse Plaintiff, or with such frequency as could be reasonably expected to abuse or harass Plaintiff.

13. Defendant, during conversations with Plaintiff in its attempts to collect on a debt allegedly owed by Plaintiff, threatened Plaintiff with litigation, wage garnishment and criminal charges and incarceration. Defendant had no intention of taking such actions, and knew, or should have known, that all such actions as threatened by Defendant could not be legally taken.

14. Defendant made initial contact with Plaintiff via telephone, and at such time failed to provide Plaintiff with the notices required by 15 USC § 1692g(a) *et seq.* at such time, or in writing within 5 days thereof.

15. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

17. Defendant violated 15 U.S.C. § 1692c(a)(1)(3) by repeatedly contacting Plaintiff at her place of employment after being informed that such calls were inconvenient to Plaintiff and violated the policy of Plaintiff's employer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1)(3);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

19. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

21. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy, or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

23. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action against Plaintiff that cannot be legally taken or that was not actually intended to be taken including threatening Plaintiff with litigation, wage garnishment, criminal charges, and incarceration.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

25. Defendant violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(7);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

27. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

29. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VIII
### VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
### AGAINST DKA

30. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-15 of this complaint.

31. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with the debtor with such frequency as could reasonably be expected to harass the debtor, or willfully engaging in conduct that could reasonably be expected to abuse or harass the debtor.

32. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MECHELL THOMPSON, by and through her attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Emotional and/or mental anguish damages;

   c. Statutory damages of $1,000.00;

   d. Plaintiff's attorneys' fees and costs;

   e. Any other relief deemed appropriate by this Honorable Court.

### COUNT IX
### VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
### AGAINST DKA

33. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-15 of this complaint.

34. Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by asserting the existence of some other legal right with the knowledge that the right did not

exist including threatening Plaintiff with litigation, wage garnishment, criminal charges and incarceration.

35. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MECHELL THOMPSON, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

### TRIAL BY JURY

36. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 30th day of September, 2010.

Respectfully submitted,
MECHELL THOMPSON

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com